IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,              )<br>                                                      )<br>          Plaintiff,                        )<br>                                                      )<br>vs.                                              )<br>                                                      )<br>Zoey Brook Brechlin,               )<br>                                                      )<br>          Defendant.                    ) | **AMENDED ORDER GRANTING IN PART<br>MOTION FOR RELEASE FROM CUSTODY**<br><br>Case No. 1:22-cr-227 |

Before the court is Defendant' Motion for Release from Custody (Doc. No. 185) and request for a hearing (186). For the reasons discussed below, the Motion for Release from Custody is granted in part and the request for a hearing is deemed moot.

I.     **BACKGROUND**

On June 2, 2023, Defendant entered a guilty plea to the offense charged in Count One of her Indictment, conspiracy to distribute and possess with intent to distribute controlled substance in violation of 21 U.S.C. 846. (Doc. No. 85). The Court deferred acceptance of Defendant's plea until sentencing, which is presently scheduled for June 24, 2024. (Doc. Nos. 85 and 164).

On October 4, 2023, the court issued an order conditionally releasing Defendant to Real Church, a sober living facility in Bismarck. (Doc. No. 130).

In March 2024 the Pretrial Services Office filed a petition and amend petition alleging that Defendant had consumed controlled substances on multiple occasions in violation of her release conditions. (Doc. Nos 168 and 173).

On April 2, 2024, the court convened a hearing on the amended petition. (Doc. No. 182). AUSA Rick Volk appeared on behalf of the United States. Attorney Steven Balaban appeared on

behalf of Defendant. Defendant and Defendant's supervising Pretrial Services Officer testified.

At the outset of the hearing, Defendant admitted to some but not all of the allegations in the amended petition. At the conclusion of the hearing, the court found that Defendant's admissions and the testimony of the Pretrial Services Officer's testimony formed a basis for revoking Defendant's release. Consequently, the court remanded Defendant to the custody of the United States Marshal with the caveat that it could revisit this issue on appropriate motion if there is a change in circumstances or if more information becomes available regarding release options for Defendant. (Doc. No. 183).

On May 3, 2024, Defendant filed a Motion for Pretrial Release. (Doc. No. 185). On May 20, 2024, she filed a supplement to her motion. (Doc. No. 190). She requests to be released to Providence House in Minot, North Dakota, for treament and thereafter to a sober living facility. She advises that Providence House will arrange for her transport. She further advises that she has been tentatively accepted into a sober living facility.

## II.   DISCUSSION

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Defendant's prior admissions to using controlled substances while on release remain disconcerting. Consequently, the court is disinclined to release Defendant to a sober living facility. However, the court is inclined to afford Defendant an opportunity for treatment. A placement at Providence House was not previously available to Defendant has a material bearing on the issue of

detention. Unlike the residential facility where Defendant was residing while previously on release, Providence House has more structure and will provide Defendant with treatment. Consequently, the court finds that a placement of Defendant at Providence House with additional conditions will reasonably assure both her appearance at future proceedings and the community's safety.

### III.     CONCLUSION

Defendant's Motion for Release from Custody (Doc. No. 185) is **GRANTED IN PART**. Defendant shall be released to Providence House staff no early than 9:00 AM on May 22, 2024, for transport to Providence House. Defendant's release is subject to the following conditions:

(1)  Defendant shall not violate federal, state, tribal, or local law while on release.

(2)  Defendant shall appear in court as required and surrender for any sentence imposed.

(3)  Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4)  Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)  Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)  Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses or co-defendants, except that counsel for Defendant, or counsel's

agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(7) Defendant shall reside at Providence House, fully participate in its programming, and comply with all of its rules and regulations.

(8) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Providence House OR to communicate with Providence House staff about her progress in the program.

Any passes allowed by Providence House must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Providence House's treatment program, she must surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of her anticipated completion date so the court may schedule a hearing to review her release status.

(9) Defendant shall submit her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of her release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(10) Defendant shall not obtain a passport and other foreign travel document(s).

(11) Defendant must report as soon as possible, to the Pretrial Service Office or her supervising Pretrial Service Officer, every contact with law enforcement personnel,

including arrests, questioning, or traffic stops.

(12) Upon arriving at Providence House, Defendant shall contact Pretrial Services Officer Stephanie Cherney at (701) 530-2396.

If Defendant cannot be transported to Providence House as anticipated on May 22, 2024, she shall remain in custody pending further order. Defendant's request for a hearing (Doc. No. 186) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2024.

*/s/ Clare R. Hochhalter*  
Clare R. Hochhalter, Magistrate Judge  
United States District Court